UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODNEY E. JOHNSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, WASHINGTON STATE PENITENTIARY, SGT. WALKER, OFFICER SHANE BOND, SGT. WILEY, CUS McCOLLUM and SUPERINTENDENT DON HOLBROOK,<br><br>                    Defendants. | No.  4:16-CV-05135-EFS<br><br>ORDER DISMISSING COMPLAINT<br><br>**28 U.S.C. § 1915(g)** |

     By Order filed January 5, 2017, the Court advised Plaintiff that his complaint failed to state a claim upon which relief may be granted and gave him the opportunity to voluntarily dismiss. ECF No. 9.  On February 3, 2017, the Court received Plaintiff's "Addendum to Brief," in which he states that he will not be voluntarily dismissing this action. *See* ECF No. 10.

     Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding pro se and in forma pauperis; Defendants have not been served.  Plaintiff alleges that, in violation of a Department of Corrections policy, his keyboard — worth $1,200.00 — was destroyed, causing him mental anguish.  Liberally construing the complaint in the

ORDER DISMISSING COMPLAINT -- 1

light most favorable to Plaintiff, the Court finds that he has failed to state a claim upon which relief may be granted in this Court.

A prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury. 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002). Plaintiff did not make this showing.

A claim of the negligent or intentional unauthorized deprivation of property by state officials does not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding negligent loss of property is not actionable under the Due Process Clause). Because Plaintiff may pursue (and indicates that he has pursued) a state tort claim, regardless of the outcome, his § 1983 personal property claim lacks an arguable basis in law. It is clear that no amendment could cure this legal defect.

Because Plaintiff has declined the Court's invitation to voluntarily dismiss this action, **IT IS ORDERED** the Complaint is **DISMISSED with prejudice** as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER DISMISSING COMPLAINT -- 2

**Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.  The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this  7th  day of April 2017.

                        s/Edward F. Shea
                        EDWARD F. SHEA
                  Senior United States District Judge

ORDER DISMISSING COMPLAINT -- 3